## Commonwealth *vs.* Heman F. Simonds.

An indictment for uttering a forged and counterfeit paper, " purporting to be a bank bill," " in the similitude of bills payable to the bearer thereof, and issued by the president, directors and company of the City Bank, then being a banking company established in said commonwealth, to wit, at Worcester," &c., is insufficient, for not alleging that the bank was incorporated by the laws of this commonwealth.

Indictment for uttering and passing " a certain false, forged and counterfeit paper, purporting to be a bank bill," and " in the similitude of the bills payable to the bearer thereof, and issued by the president, directors and company of the City Bank, then being a banking company established in said commonwealth, to wit, at Worcester in the county of Worcester," a copy of which was set out in the indictment. After conviction in the court of common pleas, the defendant moved in arrest of judgment. *Bishop,* J. overruled the motion, and the defendant alleged exceptions.

*B. F. Butler & N. St. J. Green,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, contended that "established" in the indictment must be construed to mean established according to law, either by a special charter or under the general banking law.

DEWEY, J. It is a fatal objection to this indictment, that it does not allege that the City Bank, in the similitude of whose bills the defendant is charged with uttering and publishing as true a forged and counterfeit bill, is an incorporated banking company in this state. This is a material averment, and is not supplied by the allegation that the City Bank was " a banking company established in said commonwealth."

This indictment is founded upon the Rev. Sts. *c.* 127, § 6, which by its terms is confined to the cases of uttering and publishing bank bills of the character described in the fourth section, which are of banks incorporated by the laws of Massachusetts, or by a law of the United States. In other sections of this statute, and more particularly in the act of amendment of the Rev. Sts. p. 809, (*St.* 1836, *c.* 4, § 15,) embracing cases of bringing into this state forged and counterfeit bills, with intent to utter and pass the same as true, the language used is " issued by or for any bank or banking company established in this state, or in any other of the United States," &c. There seems to have been introduced early into the statutes punishing the offences of forging and counterfeiting, and of uttering and publishing counterfeit bank bills, the more precise description of bills " signed in behalf of any company or corporation by law licensed and authorized as a bank within this commonwealth ; " while in reference to the offence of bringing counterfeit bank bills into the State, or having in possession such counterfeit bills with intent to pass the same as true, the banks are described as ' banks established within this state." *St.* 1804, *c.* 120, §§ 2–4 Strictly construed, the terms, " incorporated banking company in this state," used in Rev. Sts. *c.* 127, § 4, and " banking company established in this state, or in any other of the United States," are not identical. The former necessarily implies a bank organized under a legal charter or authority, in the form

of a special act, or some general law authorizing and giving a corporate character to such association. The term "established" may imply nothing more than a voluntary association organized by its own independent agreement, and not in pursuance of any statute incorporation. In the books of precedents we believe this distinction has been recognized, and in charging offences like the present, the bank whose bills are alleged to be counterfeited is described as an incorporated banking company. Without expressing any opinion upon the other grounds relied upon as sustaining the motion in arrest of judgment, we think that for the reason above stated the indictment is defective, and the motion in arrest of judgment must be sustained.

*Exceptions sustained.*